MARY E. STAFFORD v. FOOD WORLD, INC.

No. 7618SC371

(Filed 20 October 1976)

1. **Negligence § 5.1— fall by store customer — no inference of negligence**

   No inference of negligence on the part of a store owner arises from the mere fact that a customer falls on the floor of his store since the doctrine of *res ipsa loquitur* is inapplicable in such circumstances.

2. **Negligence § 5.1— duties to store customers**

   A store proprietor owes his customers the duty to exercise ordinary care to maintain in a reasonably safe condition those portions of his premises which he may expect they will use during business hours and to give warning of hidden perils or unsafe conditions insofar as these can be ascertained by reasonable inspection and supervision.

3. **Negligence § 5.1— duties to store customers**

   If an unsafe condition in a store is created by third parties or an independent agency, a showing must be made that it had existed for such length of time that the store proprietor knew or by the exercise of reasonable care should have known of its existence in time to have removed the danger or given warning of its presence.

4. **Negligence §§ 5.1, 57— fall on wet floor by store customer — insufficient evidence of negligence**

   In an action to recover for injuries sustained by plaintiff when she fell on an allegedly wet terrazzo floor in defendant's grocery store, plaintiff's evidence was insufficient to be submitted to the jury on the issue of negligence by defendant where it tended to show only that defendant knew that the terrazzo floor was slippery when wet and that on the day plaintiff fell defendant knew that water from customers' shoes and returning grocery carts had accumulated on the floor from time to time, and where plaintiff's evidence disclosed that defendant mopped, cleaned and dried the floor periodically throughout the day and that the area where plaintiff fell had been cleaned and dried just ten minutes prior to plaintiff's accident.

APPEAL by plaintiff from *Long, Judge.* Judgment entered 1 March 1976 in Superior Court, GUILFORD County. Heard in Court of Appeals 15 September 1976.

This is a civil action wherein the plaintiff, Mary E. Stafford, seeks to recover damages for injuries sustained in a fall allegedly caused by defendant's negligence in that defendant "neglected and refused to exercise due care to keep its floor in a dry, clean and safe condition for plaintiff and other customers." The plaintiff's evidence is summarized as follows:

At about 10:30 a.m. on Saturday, 25 January 1975, plaintiff drove her car to Zayre's Shopping Center in High Point and parked her car alongside the curb next to the covered walkway in front of the stores. It had been raining all morning and was raining when plaintiff arrived at the shopping center. Plaintiff got out of her car on the side next to the walkway and went into Eckerd Drugs. After she left Eckerds she walked down the covered walkway to defendant's grocery store. The entrance door to the store opens automatically when a customer steps on a rubber mat just outside the door. Just inside the door past the electrical mat, there is a cloth and rubber mat. The mat is rubber on the bottom and around the edges and is approximately 2½' wide and 4½' long. The entire center consists of a "terry cloth like" material. She entered defendant's store through the automatic doors and walked across the cloth mat but did not wipe her feet. The grocery carts were located to the right of the door some three or four feet away. Plaintiff proceeded toward the carts with her attention focused on the carts rather than on the floor. As plaintiff stepped off the mat onto the terrazzo floor, she slipped and fell on her right hip and wrist. Plaintiff testified, "When I was laying there on the floor my hands were wet in the puddles of water that were around me. The puddles of water were all around there where I was laying." The raincoat plaintiff was wearing at the time of the accident was examined by Effie Reagan at the store shortly after the accident. She testified that the coat was wet on the right side "from the pocket down toward the tail of the coat." The shoes plaintiff was wearing were flat, rubber-soled nurses' oxfords.

The plaintiff read into evidence the depositon of Thomas Lee Watlington, the assistant manager of defendant's store. He testified that he was in charge of managing the store on

25 January 1975. Water from customers' feet and grocery carts coming back into the store caused water to accumulate on the floor. Since the terrazzo floor became slippery when wet, the entire store, including the area in which the accident occurred, had been mopped and cleaned periodically throughout the morning, and the area in which the plaintiff fell had been mopped and cleaned ten minutes prior to the accident. As to the manner in which the floor was cleaned Mr. Watlington testified, "Mr. Simpson rang out a mop just as dry as he could get it and mopped the area. Our policy is to take a dry towel and dry the area after we mop it even if it is a dry day because if it is not dry a buggy going across it would just track it right back up or leave a slick area from any moisture off of the mop. So to the best of recollection Mr. Simpson did use a towell to dry the spot after he mopped it."

At the close of plaintiff's evidence the court granted the defendant's motion for directed verdict. Plaintiff appealed.

*Silas B. Casey, Jr. and Haworth, Riggs, Kuhn, Haworth & Miller by John Haworth for plaintiff appellant.*

*Henson & Donahue by Daniel W. Donahue for defendant appellee.*

HEDRICK, Judge.

The one question presented on this appeal is whether the court erred in granting defendant's motion for a directed verdict. Plaintiff contends the court did err in granting the motion because the evidence established a *prima facie* case of defendant's actionable negligence.

[1]  No inference of negligence on the part of the store owner arises from the mere fact that a customer falls on the floor of his store since the doctrine of *res ipsa loquitur* is inapplicable in such circumstances. *Hinson v. Cato's, Inc.,* 271 N.C. 738, 157 S.E. 2d 537 (1967) ; *Dawson v. Light Co.,* 265 N.C. 691, 144 S.E. 2d 831 (1965). Store owners are not the insurers of the safety of customers on their premises. *Long v. Food Stores,* 262 N.C. 57, 136 S.E. 2d 275 (1964) ; *Copeland v. Phthisic,* 245 N.C. 580, 96 S.E. 2d 697 (1957).

[2, 3]  The proprietor does owe to his customers the duty to exercise ordinary care to maintain in a reasonably safe condition those portions of his premises which he may expect they

will use during business hours, and to give warning of hidden peril or unsafe conditions insofar as these can be ascertained by reasonable inspection and supervision. *Dawson v. Light Co., supra; Lee v. Green & Co.*, 236 N.C. 83, 72 S.E. 2d 33 (1952). If the unsafe condition is created by third parties or an independent agency, a showing must be made that it had existed for such length of time that the store proprietor knew or by the exercise of reasonable care should have known of its existence in time to have removed the danger or given warning of its presence. *Dawson v. Light Co., supra; Hughes v. Enterprises*, 245 N.C. 131, 95 S.E. 2d 577 (1956).

"The proprietor of a business establishment is not required to take extraordinary precautions for the safety of his invitees, the measure of his duty in this respect being to exercise reasonable or ordinary care. 65 C.J.S. Negligence § 63 (121), p. 888." *Gaskill v. A. and P. Tea Co.*, 6 N.C. App. 690, 694, 171 S.E. 2d 95, 97 (1969).

[4] Considering the evidence in this case in the light most favorable to the plaintiff and applying the foregoing principles of law, we are of the opinion that the evidence is not sufficient to support a findng that plaintiff's injuries were proximately caused by defendant's negligence. While the evidence does tend to show, as plaintiff contends, that defendant knew that the terrazzo floor was slippery when wet, and that on the day plaintiff fell the defendant knew that water accumulated on the floor from time to time, the evidence is not sufficient to raise the inference that the defendant did not take reasonable precautions to protect its patrons from any dangerous condition created by the accumulation of water on the floor. Indeed plaintiff's own evidence discloses that the defendant mopped, cleaned, and dried the floor periodically throughout the morning, and the area where plaintiff fell had been cleaned and dried just ten minutes prior to the accident complained of.

The case of *Powell v. Deifells, Inc.*, 251 N.C. 596, 112 S.E. 2d 56 (1960), cited and relied upon by plaintiff, is distinguishable by the fact that in that case defendant took no precaution at all to protect its customers from the dangerous condition created by a wet, slippery floor.

Affirmed.

Judges MORRIS and ARNOLD concur.