LEWIS WALTZ, INDIVIDUALLY, AND AS GUARDIAN AD LITEM FOR JASON WALTZ, A MINOR, PLAINTIFFS v. THE WAKE COUNTY BOARD OF EDUCATION AND WAKE COUNTY PUBLIC SCHOOL SYSTEM, DEFENDANTS

No. 9010SC1348

(Filed 15 October 1991)

Schools § 11 (NCI3d)— child injured on school playground—school board not liable

A school board did not breach its duty of care to an eight-year-old student who tripped over a tree root near school playground equipment and broke his arm where the board took reasonable steps to protect its students by placing sand underneath and around the playground equipment.

Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 558, 560, 564.

Tort liability of public schools and institutions of higher learning for injuries due to condition of grounds, walks, and playgrounds. 37 ALR3d 738.

APPEAL by defendants from order entered 5 July 1990 by *George R. Greene* in WAKE County Superior-Court. Heard in the Court of Appeals 25 September 1991.

Plaintiffs filed suit on 7 August 1989 seeking to recover for injuries sustained by the minor plaintiff, Jason Waltz, and for medical expenses incurred on his behalf by his father and guardian ad litem, Lewis Waltz. Defendants made a motion for summary judgment which was granted 5 July 1990.

On 13 February 1987 Jason Waltz, an eight year old student in Nancy Thorne's second grade class at E.C. Brooks Elementary School, was injured while playing on the school playground. Ms. Thorne's class had just completed a Valentine's Day party and Ms. Thorne allowed the class to go onto the playground with Mrs. Sharon Moore, a grade parent. Other grade parents helped Ms.

Thorne clean up the classroom. Once on the playground, Jason went over to a climbing apparatus, "monkey bars," to play. Mrs. Moore called him to join the other children who were away from the monkey bars. Jason stepped down from the monkey bars, turned and started to run to join the other children. Jason tripped over a tree root connected to the trunk of a tree located near the monkey bars. He fell fracturing his right elbow. Earlier, school officials had placed sand around the tree root. However, the top of the tree root was exposed. Apparently, no one saw Jason fall.

A few moments later Ms. Thorne walked outside to join her class on the playground. When she was about halfway to the playground Jason walked up to her along with another child. Jason told her that he had tripped and hurt his arm. Ms. Thorne immediately took Jason to the health room and called his mother.

Plaintiff does not dispute that Jason had played on the monkey bars during recess and at other times while he was a student at E.C. Brooks Elementary. Nor do plaintiffs dispute that sand had been placed underneath and around the monkey bars to provide a cushioned surface.

Plaintiffs brought suit and defendants moved for summary judgment on 22 June 1990. The motion was granted 5 July 1990. Plaintiff appeals.

*Bingham & Tuttle, by Richard S. Bingham, for plaintiff-appellant.*

*Robert E. Smith for defendant-appellees.*

EAGLES, Judge.

Plaintiff-appellant contends the trial court erred in granting summary judgment for the defendants. We disagree.

Summary judgment is a drastic remedy to be granted only with caution, especially in cases alleging negligence. *Dumouchelle v. Duke Univ.*, 69 N.C. App. 471, 473, 317 S.E.2d 100, 102 (1984). Nevertheless, summary judgment is appropriate where a party cannot prove the existence of an essential element of their claim. *Little v. National Servs. Indus., Inc.*, 79 N.C. App. 688, 690, 340 S.E.2d 510, 511 (1986).

Here plaintiff asserted a claim based in negligence against the defendants. " 'To recover damages for actionable negligence,

plaintiff must establish (1) a legal duty, (2) a breach thereof, and (3) injury proximately caused by such breach.'" *Matthieu v. Piedmont Natural Gas Co.*, 269 N.C. 212, 217, 152 S.E.2d 336, 341 (1967) (citing *Petty v. Print Works*, 243 N.C. 292, 90 S.E.2d 717 (1956)). Plaintiffs have failed to show that the defendants have breached their legal duty.

A student attending school is an invitee while on the property of that school. *Clary v. Alexander County Bd. of Educ.*, 19 N.C. App. 637, 638-639, 199 S.E.2d 738, 739 (1973), *aff'd*, 285 N.C. 188, 203 S.E.2d 820 (1974), *opinion withdrawn and rev'd on other grounds*, 286 N.C. 525, 212 S.E.2d 160 (1975).

> A landlord owes a duty to an invitee to use reasonable care to keep the premises safe and to warn of hidden dangers, but he is not an insurer of the invitee's safety. (Citations omitted.) . . .
>
> These rules apply to a public school or board of education just as they apply to any other landlord, if the board of education has waived the defense of sovereign immunity (as defendant has done in the present case) by purchasing a liability insurance policy. . . .

*Clary* at 639, 199 S.E.2d at 739-740.

Here, the plaintiff has failed to show that the defendant has breached its duty of reasonable care. "[R]ecovery has generally not been permitted for injuries suffered by children on school grounds as a result of common, permanent, or natural conditions existing thereon." 68 Am. Jur. 2d *Schools* § 325 (1973). We do not go so far as to say that a school may never be liable for injury resulting from a natural condition. However, school officials simply cannot be expected to protect children from *every* natural condition they may encounter on a school yard or a playground. Falls and mishaps, though unfortunate, are a part of every schoolchild's life and are something that neither teachers nor parents can reasonably be expected to guarantee to prevent. Here, the school took reasonable steps to protect its students by placing sand underneath and around playground equipment. This did not serve to aggravate the natural condition of the roots. If anything, it served to mitigate it by cushioning the fall of students. We hold, as a matter of law, that the school has not breached its duty of reasonable care.

LOWDER v. ALL STAR MILLS

[104 N.C. App. 305 (1991)]

Affirmed.

Chief Judge HEDRICK and Judge GREENE concur.