JAMES L. FREEMAN, JR., Plaintiff v. SUGAR MOUNTAIN RESORT, INC., Defendant

No. COA98-120

(Filed 6 July 1999)

## 1. Premises Liability— injury on ski slope—knowledge of hazard

Summary judgment should not have been granted for defendant in a negligence action arising from an injury suffered when another skier jumped into plaintiff from a makeshift snowramp. Although defendant argued that plaintiff failed to present any evidence that defendant either knew or reasonably could have known that skiers were jumping off a makeshift snowramp, plaintiff presented evidence that defendant did not have an adequate number of ski patrols, from which arises a material issue of fact as to whether defendant would have known about the makeshift ramp with an adequate number of patrols.

## 2. Premises Liability— injury on ski slope—foreseeability

Summary judgment should not have been granted for defendant in an action arising from an injury suffered when another skier jumped into plaintiff from a makeshift snowramp where defendant argued that plaintiff's accident was not reasonably foreseeable, but plaintiff presented evidence of a sign on defendant's property forbidding jumping, there was evidence that defendant was understaffed on this night, raising the issue of whether defendant would have noticed the jumping with adequate employees patrolling the slope, and there was testimony

FREEMAN v. SUGAR MOUNTAIN RESORT, INC.

[134 N.C. App. 73 (1999)]

that the jumping was in plain view of the lift operator, who did nothing.

### 3. Premises Liability— contributory negligence—injury on ski slope

Summary judgment should not have been granted for defendant on contributory negligence in an action arising from an injury suffered when another skier jumped into plaintiff from a makeshift snowramp. Whether plaintiff should have recognized the danger of jumping skiers and chosen an alternate path is a question of fact.

Judge LEWIS dissenting.

Appeal by plaintiff from judgment entered 2 September 1997 by Judge Dennis Winner in Avery County Superior Court. Heard in the Court of Appeals 5 October 1998.

At approximately 9:50 p.m. on 16 December 1993, plaintiff was snow-skiing on the only open slope on defendant's premises when he was struck by another skier who jumped into him from a makeshift ramp. One hundred and eighty people had purchased tickets to ski on the slope during the course of the evening and three or four ski patrols were on duty at the time.

Plaintiff stated in a deposition that the makeshift ramp was not on the slope itself, that "another skier wouldn't have hit it or run over it," and that one would have to get off of the slope to get on to the ramp. Plaintiff did not recall ever seeing anyone jump from that ramp at any other point that evening, and had made no prior complaints to management about other skiers. Plaintiff also stated that he was told by defendant's employees that defendant was understaffed on the night of the injury. Defendant's affidavits indicated that there were no reports of jumping made to the ski patrol or to the administrative office. Defendant, while denying that skiers were constructing such ramps at the time in question, admitted in an interrogatory that defendant did not allow skiers to construct these makeshift ramps. Plaintiff asserts that in providing a ski patrol, defendant assumed a duty to protect him, and that defendant was negligent in failing to carry out this duty.

In his complaint of 25 October 1996, plaintiff cites four specific acts or omissions that he claims constitute defendant's negligence: (1) the failure to "enforce its rules and regulations governing jumping on the ski slopes"; (2) the failure to be properly staffed at the time of

**FREEMAN v. SUGAR MOUNTAIN RESORT, INC.**

[134 N.C. App. 73 (1999)]

the collision, thereby leaving defendant unable to enforce its rules governing safety; (3) the failure "to warn its business patrons of the potentially hazardous condition created on its ski slopes by skiers constructing makeshift ramps from which to jump"; and (4) the failure "to provide a reasonably safe condition on its ski slope for its business patrons" at the time of the collision. After a period of discovery, defendant moved for summary judgment on 2 July 1997 and the motion was granted on 2 August 1997. Plaintiff appeals.

*Campbell & Taylor, by Jason E. Taylor, for plaintiff-appellant.*

*Robert E. Riddle, P.A., by Robert E. Riddle, for defendant-appellee.*

EAGLES, Chief Judge.

First we consider whether the trial court erred by granting defendant's summary judgment motion. Plaintiff argues that there were genuine issues of material fact as to whether defendant was negligent. We agree.

Summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, admissions and affidavits show no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. G.S. § 1A-1, Rule 56 (1990); *Davis v. Town of Southern Pines*, 116 N.C. App. 663, 665, 449 S.E.2d 240, 242 (1994), *disc. review denied*, 339 N.C. 737, 454 S.E.2d 648 (1995). A summary judgment movant bears the burden of showing that "(1) an essential element of plaintiff's claim is nonexistent; (2) plaintiff cannot produce evidence to support an essential element of its claim; or (3) plaintiff cannot surmount an affirmative defense raised in bar of its claim." *Lyles v. City of Charlotte*, 120 N.C. App. 96, 99, 461 S.E.2d 347, 350 (1995), *rev'd on other grounds*, 344 N.C. 676, 477 S.E.2d 150 (1996). A court ruling upon a motion for summary judgment must view all the evidence in the light most favorable to the non-movant, accepting all its asserted facts as true, and drawing all reasonable inferences in its favor. *Kennedy v. Guilford Tech. Community College*, 115 N.C. App. 581, 583, 448 S.E.2d 280, 281 (1994) (citations omitted).

To recover damages under a claim for negligence, plaintiff must establish "(1) a legal duty, (2) a breach thereof, and (3) injury proximately caused by such breach." *Waltz v. Wake County Bd. of Education*, 104 N.C. App. 302, 304, 409 S.E.2d 106, 107 (1991) (quot-

ing *Matthieu v. Piedmont Natural Gas Co.*, 269 N.C. 212, 217, 152 S.E.2d 336, 341 (1967)), *disc. review denied*, 330 N.C. 618, 412 S.E.2d 96 (1992). "[A]s a general proposition, issues of negligence are ordinarily not susceptible to summary adjudication either for or against the claimant." *Phelps v. Duke Power Co.*, 76 N.C. App. 222, 229, 332 S.E.2d 715, 719 (1985), *disc. review denied*, 314 N.C. 668, 336 S.E.2d 401 (1985). The better practice is for the trial court to submit the case to the jury and enter a judgment notwithstanding the verdict if the evidence is insufficient to support the verdict. *Id.*

Here, both parties acknowledge that plaintiff was an invitee at the time of his injury, so the duty defendant owed was one of reasonable care under the circumstances. *Nelson v. Freeland*, 349 N.C. 615, 618, 507 S.E.2d 882, 884 (1998), *reh'g denied*, 350 N.C. 108, —— S.E.2d —— (1999). Next, plaintiff was required to introduce evidence that defendant breached its duty. Here there was contradictory evidence presented by the parties. "Breach of duty," as an element of a negligence claim, occurs when a person fails to conform to the standard required. *Davis v. N.C. Dept. of Human Resources*, 121 N.C. App. 105, 112, 465 S.E.2d 2, 6 (1995), *disc. review denied*, 343 N.C. 750, 473 S.E.2d 612 (1996). General Statute Section 99C-2(c) requires the defendant to "provide adequate ski patrols." In addition, when an unsafe condition is created by a third party, such as a makeshift ramp, plaintiff must show that it has existed for such a length of time that defendant knew or, by exercising reasonable care, should have known of its existence in time to have removed the danger or have given a warning of its presence. *Stafford v. Food World*, 31 N.C. App. 213, 216, 228 S.E.2d 756, 757 (1976), *disc. review denied*, 291 N.C. 324, 230 S.E.2d 677 (1976).

[1] Here, the defendant argues that plaintiff failed to present any evidence that established defendant either knew or reasonably could have known that skiers were jumping off a makeshift snow ramp. We disagree.

Plaintiff presented evidence through his own deposition testimony as well as through Eric Rauch's affidavit that defendant did not have an adequate number of ski patrols on the night of plaintiff's injury. From that evidence arises a material issue of fact as to whether defendant would have known about the makeshift ramp if defendant had an adequate number of ski patrols. Defendant presented affidavits from employees at the summary judgment hearing that denied that defendant was short staffed on the night in question.

Because there is contradictory evidence presented by the parties, there is a genuine issue of material fact as to whether there was adequate ski patrols when plaintiff was hurt.

[2] Next, plaintiff must present evidence that defendant's negligence was the proximate cause of plaintiff's injuries. Defendant argues that plaintiff's accident was not reasonably foreseeable. We disagree.

Plaintiff presented evidence that there was a sign on defendant's property forbidding jumping. The presence of the sign indicates that skiers' jumping was apparently foreseeable. In addition, plaintiff introduced evidence that defendant was understaffed on the night in question which raises the issue of whether the defendant would have noticed the skiers jumping if defendant had adequate employees patrolling the slope. This is a genuine issue of material fact that should have gone to the jury. Finally, plaintiff testified during his deposition that the jumping that was occurring on the night he was injured, was in plain view of the lift operator but that the operator did nothing to stop the skiers from jumping. Accordingly, we hold that there were issues of material fact and that the trial court erred in granting defendant's summary judgment motion.

[3] Finally we consider whether the trial court erred in granting defendant's summary judgment motion on the issue of plaintiff's contributory negligence. Plaintiff argues that he was not contributorily negligent as a matter of law and contends that the issue should have gone to the jury. We agree.

A "nonsuit on the ground of contributory negligence will be granted only when the plaintiff's own evidence establishes the facts necessary to show contributory negligence so clearly that no other conclusion may be reasonably drawn therefrom." *Keener v. Beal*, 246 N.C. 247, 252, 98 S.E.2d 19, 22 (1957). Issues of contributory negligence, like those of ordinary negligence, are ordinarily questions for the jury and are rarely appropriate for summary judgment. *Lamm v. Bissette Realty*, 327 N.C. 412, 418, 395 S.E.2d 112, 116 (1990). Only where the evidence establishes plaintiff's own negligence so clearly that no other reasonable conclusion may be reached is summary judgment to be granted. *Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 468-69, 279 S.E.2d 559, 563 (1981).

Here an issue of fact exists as to whether the plaintiff's conduct was reasonable under the circumstances. Whether plaintiff should have recognized the danger of jumping skiers colliding into his per-

FREEMAN v. SUGAR MOUNTAIN RESORT, INC.

[134 N.C. App. 73 (1999)]

son and chosen an alternative path is a question of fact for the jury. Accordingly, the trial court erred in granting defendant's summary judgment motion on the issue of plaintiff's contributory negligence. Reversed and remanded for trial.

Judge HUNTER concurs.

Judge LEWIS dissents.

Judge LEWIS dissenting.

Because I consider there to have been a number of reasons to grant defendant's motion for summary judgment in this case, I must respectfully dissent.

Plaintiff could establish a valid claim of negligence by showing "(1) that defendant failed to exercise proper care in the performance of a duty owed plaintiff; (2) the negligent breach of that duty was a proximate cause of plaintiff's injury; and (3) a person of ordinary prudence should have foreseen that plaintiff's injury was probable under the circumstances." *Lavelle v. Schultz*, 120 N.C. App. 857, 859-60, 463 S.E.2d 567, 569 (1995), *disc. review denied*, 342 N.C. 656, 467 S.E.2d 715 (1996). If defendant, as the moving party, "prov[es] that an essential element of the opposing party's claim is nonexistent, or [shows] through discovery that the opposing party cannot produce evidence to support an essential element of his claim," summary judgment is appropriate. *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989). Here, there is no question as to the existence of a duty. I do not think that defendant breached any duty, or that if he did such a breach proximately caused plaintiff's injury.

The majority indicates that plaintiff establishes a breach of duty by defendant through the hearsay statements of plaintiff and his friend that defendant had an inadequate number of ski patrols on the night in question. Such a bare allegation is too sweeping to go forward at this stage. Our Supreme Court has stated that "[n]egligence is not presumed from the mere fact of injury. Plaintiff is required to offer legal evidence tending to establish *beyond mere speculation or conjecture* every essential element of negligence, and upon failure to do so, nonsuit is proper." *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 68, 414 S.E.2d 339, 345 (1992) (emphasis added). Plaintiff presents no evidence beyond his speculative generalizations to

demonstrate just how many ski patrols would be adequate to keep him from harm.

The evidence that defendant's alleged negligence proximately caused plaintiff's injury is similarly insufficient for plaintiff to go forward with his case. Our Supreme Court has summarized the law regarding proximate cause as follows:

> Proximate cause is a cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injuries, and without which the injuries would not have occurred, and one from which a person of ordinary prudence could have reasonably foreseen that such a result, or consequences of a generally injurious nature, was probable under all the facts as they existed. Foreseeability is thus a requisite of proximate cause, which is, in turn, a requisite for actionable negligence.

*Hairston v. Alexander Tank & Equipment Co.*, 310 N.C. 227, 233, 311 S.E.2d 559, 565 (1984) (citations omitted). "A defendant is not required to foresee events which are merely possible but only those which are reasonably foreseeable." *Id.* at 234, 311 S.E.2d at 565. When the facts are established, a court must determine as a matter of law whether negligence exists. *McNair v. Boyette*, 282 N.C. 230, 236, 192 S.E.2d 457, 461 (1972).

Based on the facts established in this case, I would determine as a matter of law that any negligence by defendant was not the proximate cause of plaintiff's injury. While we now know that it was possible for a person or persons to pack snow into a makeshift ramp off the slope and jump from it into other skiers on the slope itself, this accident was not reasonably foreseeable. To say that plaintiff's injury in a collision with another skier from outside the slope could have been prevented by having some unknown number of ski patrols employed to discover a ramp constructed off the actual ski slope, unnoticed by plaintiff and unreported by every other skier that night, is for this Court to make an improvident jump down the slope of causation.

The majority is misguided in its analysis of proximate cause. The mere presence of a sign forbidding something does not make it reasonably foreseeable that the forbidden activity will occur, leaving the proprietor posting the sign liable if the event happens to take place. The majority's approach would seemingly require every establish-

ment prohibiting, for example, the carrying of concealed weapons to provide enough security personnel and metal detectors to ensure that no such weapons were brought on the premises. That is not a burden I wish to place on businesses, government offices, or public places in this state. Furthermore, the majority's statement that plaintiff "introduced evidence" of defendant's understaffing is a misstatement. The plaintiff introduced "mere speculation or conjecture," *see Roumillat*, but no substantive evidence on this issue. Finally, plaintiff's testimony as to what the ski lift operator saw is unpersuasive for at least two reasons. First, if the operator could have seen the purported jumping, we should learn this in the operator's testimony and not through plaintiff's theory on what the operator might have seen. There was no testimony from the ski lift operator in the record, and it is not our place to create such testimony based on what plaintiff thinks the operator might have seen. Second, if plaintiff could see what the operator could see, it would seem to be a more efficient use of time to eliminate the middle man and have plaintiff report the jumping instead of waiting on the operator to do so. Instead, no one made any reports of any jumping from this makeshift snow bank ramp that night.

It is also worth noting that defendant was not the only party to this action with a statutory duty of care on the ski slopes. Plaintiff had the responsibility

(1) [t]o know the range of his own abilities to negotiate any ski slope or trail and to ski within the limits of such ability; [and]

(2) [t]o maintain control of his speed and course at all times when skiing and *to maintain a proper lookout so as to be able to avoid other skiers* . . . .

N.C. Gen. Stat. § 99C-2(b) (1985) (emphasis added). "[T]he law imposes upon a person the duty to exercise *ordinary care* to protect himself from injury and to avoid a known danger; and . . . where there is such knowledge and there is an opportunity to avoid such a known danger, failure to take such opportunity is contributory negligence." *Lenz v. Ridgewood Associates*, 55 N.C. App. 115, 122, 284 S.E.2d 702, 706-07 (1981), *disc. review denied*, 305 N.C. 300, 290 S.E.2d 702 (1982). "While issues of negligence and contributory negligence are rarely appropriate for summary judgment, the trial court will grant summary judgment in such matters where the evidence is uncontroverted that a party failed to use ordinary care and that want of ordinary care was at least one of the proximate causes of the injury."

*Diorio v. Penny*, 103 N.C. App. 407, 408, 405 S.E.2d 789, 790 (1991) (citations omitted), *aff'd*, 331 N.C. 726, 417 S.E.2d 457 (1992).

Plaintiff had a statutorily imposed duty to be on the lookout for other skiers, and it cannot be seriously contended that the ski patrol was more responsible than plaintiff was for his own safety. Assuming *arguendo* that defendant somehow was negligent as a ski slope operator on the night in question, plaintiff's failure to take greater caution when participating in an activity such as night skiing than he did on the night in question demonstrates a lack of ordinary care. This "want of ordinary care was at least one of the proximate causes of the injury," *id.*, and plaintiff's contributory negligence is a bar to recovery.

In his complaint, plaintiff claims defendant "failed to enforce its rules and regulations governing jumping on the ski slopes" and to warn others of the construction of makeshift ramps, but neither he nor anyone else claimed to have seen any jumping or ramps prior to the accident. Plaintiff also claims defendant was understaffed at the time, but fails to demonstrate how having a larger staff could have made the only accident of this nature on this night foreseeable. Finally, plaintiff claims defendant "failed to provide a reasonably safe condition on its ski slope for its business patrons" at the time of the collision, but admits that the makeshift ramp in question was actually formed off the slope itself. In short, plaintiff fails to establish that any negligence by defendant proximately caused him to be injured.

Plaintiff may have a claim for his injuries, but the proper defendant is the skier who collided with him on the night in question. The identity of that skier is unknown, and it is doubtful that his pockets are as deep as defendant's, but that does not make defendant the proper party to this action. I will not be a party to a holding that enables every skier who is hurt on a slope to sue the proprietors of that slope on the bare allegation that some unknown number of patrols should have been provided to ensure that he need not watch out for himself and his surroundings. Such a holding not only is inappropriate in light of the facts before this Court, but also has the potential to devastate the businesses and communities of western North Carolina that depend on skiing and tourism for their economic livelihood.

For all of these reasons, I would affirm the trial court's grant of summary judgment in favor of defendant.