WILLIAM V. KEECH, PLAINTIFF v. WILLIAM G. (WILLIE) HENDRICKS, DEFENDANT

No. COA99-1297

(Filed 29 December 2000)

**Assault— summary judgment—genuine issue of material fact of defendant's intent and whether equitable estoppel applies**

The trial court erred by granting summary judgment in favor of defendant based on the one-year statute of limitations for assault and battery claims, because: (1) there is a question of material fact on the issue of defendant's intent; and (2) there is a question of material fact as to whether equitable estoppel applies to bar defendant from asserting the one-year statute of limitations defense.

Appeal by plaintiff from an order and judgment entered 20 July 1999 by Judge Richard B. Allsbrook in Pitt County Superior Court. Heard in the Court of Appeals 13 September 2000.

*Ward and Smith, P.A., by Lynwood P. Evans and John M. Martin, for plaintiff-appellant.*

*Battle Winslow Scott & Wiley, P.A., by M. Greg Crumpler, for defendant-appellee.*

HUNTER, Judge.

William V. Keech ("plaintiff") appeals the trial court's grant of summary judgment in favor of William G. (Willie) Hendricks ("defendant") based on the one-year statute of limitations for assault and battery claims. Because the record before us gives rise to actions for (1) assault and battery and (2) negligence, we hold the trial court erred in granting defendant's summary judgment motion. Therefore, we reverse and remand for a jury trial.

On 9 December 1995, when plaintiff entered the lobby of Pitt County Memorial Hospital ("hospital"), defendant was already there. Upon recognizing defendant (who is plaintiff's nephew), plaintiff approached defendant and offered to shake defendant's hand. In response, defendant either hit or shoved plaintiff so that plaintiff fell backwards and hit his head on the floor. As a result, plaintiff suffered "serious, permanent personal injuries, including, . . . back injury, groin injury, left inguinal hernia, neck injury and a closed head injury . . . ." Shortly "[a]fter the incident and investigation, [but well before the one-year limitations period for intentional torts had run, defendant] was charged with assault inflicting serious injury pursuant to N.C. Gen. Stat. § 14-33(b)(1)."

At defendant's criminal trial, plaintiff testified that defendant assaulted him for no reason. However, before judgment was rendered, defendant's attorney wrote a letter to plaintiff's attorney inquiring as to whether plaintiff might be willing to dismiss the criminal charges against defendant, since "this case has always been a civil case and never a criminal matter. Certainly, Willie never had criminal intent, and . . . this case [does not] warrant[] criminal prosecution." Because plaintiff had no idea as to why defendant pushed him, plaintiff accepted defendant's representation that he had not intended to injure plaintiff. Therefore plaintiff requested and the court granted dismissal of the criminal charges against defendant.

On 30 November 1998, after the one-year statute of limitations for intentional tortious acts had run but before the three-year statute of limitations expired on negligence actions, plaintiff filed this civil

action against defendant. In his answer, defendant stated that he "intentionally pushed Plaintiff and that Plaintiff fell. . . . [However, he] did not intend to cause injury to the Plaintiff." Additionally in his answer, defendant moved the court for dismissal pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), arguing that plaintiff's "cause of action is therefore barred by the [one-year] statute of limitations" set out in N.C. Gen. Stat. § 1-54(3) for the tortious acts of assault and battery. On 2 June 1999, defendant moved for summary judgment, and on 12 July 1999, the trial court granted defendant's request finding "that there is no genuine issue as to any material fact and that Defendant is entitled to Judgment as a matter of law dismissing all claims by the Plaintiff against him."

It has long been the law in North Carolina that:

> This Court's standard of review on appeal from summary judgment requires a two-step analysis. Summary judgment is appropriate if (1) the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact; and (2) the moving party is entitled to judgment as a matter of law. N.C.R. Civ. P. 56(c) (1999). Once the movant makes the required showing, the burden shifts to the non-moving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, establishing at least a prima facie case at trial. *Gaunt v. Pittaway*, 135 N.C. App. 442, 447, 520 S.E.2d 603, 607 (1999). . . .

*Stephenson v. Warren*, 136 N.C. App. 768, 771-72, 525 S.E.2d 809, 811-12, *disc. review denied*, 351 N.C. 646, —— S.E.2d —— (2000). Furthermore, "the evidence presented by the parties must be viewed in the light most favorable to the non-movant." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998).

Plaintiff brings forward only one assignment of error, that the trial court erred in granting defendant's summary judgment motion because there is a genuine issue of material fact as to defendant's intent or state of mind when he pushed plaintiff. Contrarily, defendant argues that because, in his answer, he admitted he pushed plaintiff "intentionally," plaintiff's claim against him must fail.

North Carolina courts have consistently held that " '[t]here are situations where the evidence presented raises questions of both

assault and battery and negligence.' " *Vernon v. Barrow*, 95 N.C. App. 642, 643, 383 S.E.2d 441, 442 (1989) (quoting *Lail v. Woods*, 36 N.C. App. 590, 592, 244 S.E.2d 500, 502, *disc. review denied*, 295 N.C. 550, 248 S.E.2d 727 (1978)). Additionally, our Supreme Court has stated that "[a]s a general proposition, issues of negligence are ordinarily not susceptible [to] summary adjudication either for or against the claimant 'but should be resolved by trial in the ordinary manner.' " *Vassey v. Burch*, 301 N.C. 68, 73, 269 S.E.2d 137, 140 (1980) (quoting 6 James W. Moore et al., *Moore's Federal Practice* ¶ 56.17[42], at 946 (2d. ed. 1980)). Furthermore, our Supreme Court has held that "*summary judgment is particularly inappropriate where issues such as motive, intent, and other subjective feelings and reactions are material and where the evidence is subject to conflicting interpretations.*" *Creech v. Melnik*, 347 N.C. 520, 530, 495 S.E.2d 907, 913 (1998) (emphasis added). Instead, "[t]he better practice is for the trial court to submit the case to the jury and enter a judgment notwithstanding the verdict if the evidence is insufficient to support the verdict." *Freeman v. Sugar Mountain Resort, Inc.*, 134 N.C. App. 73, 76, 516 S.E.2d 616, 618, *reversed on other grounds*, 351 N.C. 184, 522 S.E.2d 582 (1999).

Therefore, in order for this Court to uphold the trial court's grant of the present defendant's summary judgment motion, we must find that the evidence in the record before us supports no other conclusion "as to any material fact" but that defendant *intended* to push plaintiff, thereby making defendant entitled to summary judgment "as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1999). A finding otherwise requires that we reverse the trial court because "[i]t is for the trier of fact to resolve issues of credibility and to determine the relative strength of competing evidence." *Upchurch v. Upchurch*, 128 N.C. App. 461, 464, 495 S.E.2d 738, 740; *review denied*, 348 N.C. 291, 501 S.E.2d 925 (1998). *See also Lawing v. Lawing*, 81 N.C. App. 159, 177, 344 S.E.2d 100, 112 (1986).

In the present case, the record plainly reflects that defendant (through his attorney) approached plaintiff during the criminal suit stating that he did *not* intend the injurious act against plaintiff. Conversely, now in the civil suit, defendant argues that he *did* intend the actions against plaintiff. Yet defendant can point to nothing, save his own contradictory statements, to show that he intended the act and should not now be held negligently liable. Therefore, because the entire basis of plaintiff's complaint depends on defendant's intent (which thereby determines the applicable statute of limitations), the

issue of intent is "material" and the contradiction renders summary judgment inappropriate. *Smith v. Currie*, 40 N.C. App. 739, 742-43, 253 S.E.2d 645, 647, *disc. review denied*, 297 N.C. 612, 257 S.E.2d 219 (1979). Thus, considering the evidence in the light most favorable to plaintiff, we hold the trial court erred in granting defendant's motion for summary judgment based on intent, because defendant's intent is a question for the jury.

However, our analysis cannot stop at this juncture for we recognize that upon submission to the jury, should the jury find (from the evidence presented) that defendant *did* intend the injurious act, plaintiff's claim would then be barred by the one-year statute of limitations for intentional torts, unless an intervening theory of law is present. Therefore, we feel it necessary to address plaintiff's argument that defendant should be equitably estopped from asserting the statute of limitations as a defense to his intentional tort.

The law has long been that

in determining whether the doctrine of estoppel applies in any given situation, the conduct of both parties must be weighed in the balances of equity and the party claiming the estoppel no less than the party sought to be estopped must conform to fixed standards of equity. . . . [T]he essential elements of an equitable estoppel as related to the party estopped are: (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is reasonably calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party afterwards attempts to assert; (2) intention or expectation that such conduct shall be . . . relied and acted upon; (3) knowledge, actual or constructive, of the real facts. As related to the party claiming the estoppel, they are: (1) lack of knowledge and the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party sought to be estopped; and (3) action based thereon of such a character as to change his position prejudicially.

*Hawkins v. Finance Corp.*, 238 N.C. 174, 177-78, 77 S.E.2d 669, 672 (1953). Additionally:

Where there is but one inference that can be drawn from the undisputed facts of a case, the doctrine of equitable estoppel is to be applied by the court. However, . . . where the evidence raises a permissible inference that the elements of equitable estoppel are

present, but where other inferences may be drawn from contrary evidence, estoppel is a question of fact for the jury, upon proper instructions from the trial court.

*Creech*, 347 N.C. at 528, 495 S.E.2d at 913 (citations omitted).

Looking to defendant's conduct, we have already established that the record in the present case plainly reflects defendant's contradicting assertions of intent. By gaining a dismissal in criminal court due to his assertion that he "never had criminal intent," and then claiming that he "intentionally pushed" plaintiff, defendant at bar is clearly attempting to preclude plaintiff from seeking any remedy at all, in our courts, for the injuries suffered. Accordingly, plaintiff argues that defendant should be estopped from asserting either the one-year statute of limitations for intentional torts or intent as a defense to the claim of negligence. Looking to plaintiff's conduct, the record reflects plaintiff did not even know what happened. Plaintiff testified in his deposition that defendant "was right behind the wheelchair, and I just reached my hand up to shake—[his hand]." "Well, the next thing I knew I was laying on the floor." Neither does plaintiff remember (nor does defendant contend) that defendant said anything to establish defendant's state of mind at the time. Yet plaintiff relinquished his right to any remedy in criminal court, based solely on defendant's assertion that he had no criminal intent.

Therefore, in applying the law to the facts of this case, we hold that "it would be against the principles of equity and good conscience" to disallow plaintiff from *asserting* equitable estoppel against defendant while allowing defendant to assert a statute of limitations defense or, in the alternative, intent as a defense to plaintiff's negligence claim. *Transit, Inc. v. Casualty Co.*, 285 N.C. 541, 550, 206 S.E.2d 155, 161 (1974). We note however, that our holding by no means is intended to say that as a matter of law the defendant is equitably estopped from asserting the statute of limitations as a defense. Instead, we find that because "the evidence raises a permissible inference that the elements of equitable estoppel are present, but [also raises] other inferences [by] contrary evidence, estoppel [in this case] is a question of fact for the jury, upon proper instructions from the trial court." *Creech*, 347 N.C. at 528, 495 S.E.2d at 913.

We urge the General Assembly to reexamine the one-year statute of limitations for intentional torts and determine whether it is in the interest of justice to have a one-year statute of limitations for an "intentional" act yet, conversely, a three-year statute of limitations for

a "negligent" act. The shorter statute of limitations for the intentional tort is often a trap for laymen and lawyers alike. What is even more confusing is that very often the act resulting in harm (as in the case *sub judice*) is difficult to categorize; and we know that rarely, if ever, will a defendant assert that his act was intentional before the one-year statute of limitations has run on the intentional tort. The interest of justice may be better served by having a three-year statute of limitations for both torts.

Nevertheless, having held that there is a question of material fact with regard to the present defendant's intent and as to whether equitable estoppel applies, we hold that summary judgment was improper and the trial court erred in granting it. Therefore, we reverse and remand to the superior court for trial.

Reversed and remanded.

Judges LEWIS and WALKER concur.