**JAMES v. WAL-MART STORES, INC.**

[141 N.C. App. 721 (2001)]

MARY EVELYN JAMES, Plaintiff v. WAL-MART STORES, INC., Defendant

No. COA99-1465

(Filed 16 January 2001)

**Premises Liability— slip and fall—error to fail to give requested instruction**

Plaintiff is entitled to a new trial in a slip and fall case based on the trial court's failure to give plaintiff's requested instruction that the store owner is required to give adequate warning to all lawful visitors of any hidden or concealed dangerous condition about which the owner knows or, in the exercise of ordinary care, should have known, because: (1) plaintiff's request reflects a correct statement of the relevant law and is supported by the evidence; and (2) the instruction provided in the case was inadequate since it fails to advise the jury that the landowner's duty of reasonable care may include a duty to warn of foreseeable dangers.

Judge EDMUNDS dissenting.

Appeal by plaintiff from judgment filed 16 June 1999 by Judge W. Allen Cobb, Jr. in Pender County Superior Court. Heard in the Court of Appeals 17 October 2000.

*Sherman, Smith and Slaughter, P.L.L.C., by L. Bryan Smith and Kim E. Taylor, for plaintiff-appellant.*

*Poyner & Spruill L.L.P., by Timothy W. Wilson, for defendant-appellee.*

GREENE, Judge.

Mary Evelyn James (Plaintiff) appeals from a jury verdict finding Wal-Mart Stores, Inc. (Defendant) was not negligent in causing her fall at Defendant's store in Jacksonville, North Carolina. Defendant cross-assigns as error the trial court's denial of its motion for summary judgment and motions for directed verdict made at the close of Plaintiff's evidence and at the close of all the evidence.

On 27 October 1995 at approximately 11:30 a.m., Plaintiff entered the Jacksonville Wal-Mart. A drizzling rain was falling, and Plaintiff noticed some small puddles in the parking lot. Plaintiff entered a vestibule outside the main entrance of the store, where she noticed a

yellow sign urging caution because the floor was wet. Plaintiff wiped her feet on a large red mat before going into the store and then wiped her feet again on a mat inside the store. After completing her shopping and returning to her car, Plaintiff realized she had forgotten to purchase an item and went back into the store. She again saw the yellow caution sign in the vestibule so she again "dried [her] feet off." Upon entering the store, she once more wiped her feet on a mat, even though she testified that she did not see any other caution signs. She took two steps off the mat and then fell onto the floor. Plaintiff felt with her hand that her pants were wet and she determined the moisture was water. Plaintiff, however, never saw any water or other substance on the floor where she fell. As a result of the fall, Plaintiff's tibia and fibula were broken near her ankle.

Amber Brown (Brown), an employee of Defendant, witnessed Plaintiff's fall. She was positioned just inside the entrance to the store working as a greeter. She testified that she had finished dry mopping the area where Plaintiff fell moments before the accident. Brown stated: "I was putting the mop back up against the cart rail, and I turned around and [Plaintiff] came in." Brown described a dry mop as "a mop with a brand new mop head on it that's dry, that's never been wet, so that it will absorb the water on the floor." In contrast to Plaintiff's testimony, Brown testified there was a caution sign inside the store in the area where Plaintiff fell in addition to the warning sign in the vestibule. In an affidavit and at trial, Brown indicated that the floor was damp but she denied there was standing water.

Plaintiff contends the trial court erred in refusing to give her requested jury instruction relating to Defendant's duty of care. Although Plaintiff admitted she observed a sign warning of a wet floor in the vestibule of Defendant's store, she did not see any signs inside the store where she fell. Accordingly, Plaintiff sought the following instruction:

The owner is required to give adequate warning to all lawful visitors of any hidden or concealed dangerous condition about which the owner knows or, in the exercise of ordinary care, should have known. (A warning is adequate when, by placement, size, and content, it would bring the existence of the dangerous condition to the attention of a reasonably prudent person.)

The trial court denied Plaintiff's request and instead gave the following instruction: "The duty imposed upon owners and occupiers of land is the duty to exercise reasonable care in the maintenance of

their premises for the protection of lawful visitors and to prevent them from injury."

_____

The dispositive issue is whether the jury instructions adequately informed the jury of an owner's duty of care to visitors lawfully on it premises.

A landowner is "required to exercise reasonable care to provide for the safety of all lawful visitors on [its] property," and thus must "take reasonable precautions to ascertain the condition of the property *and* to either make it reasonably safe or give warnings as may be reasonably necessary to inform the [lawful visitor] of any foreseeable danger." *Lorinovich v. K Mart Corp.*, 134 N.C. App. 158, 161-62, 516 S.E.2d 643, 646, *cert. denied*, 351 N.C. 107, —— S.E.2d —— (1999). Generally, "there is no duty to protect a lawful visitor against dangers which are either known to him or so obvious and apparent that they reasonably may be expected to be discovered." *Id.* at 162, 516 S.E.2d at 646. An occupier of land, however, has a duty to take precautions against " 'obvious' " dangers when a reasonable person would " 'anticipate an unreasonable risk of harm to the [visitor] *notwithstanding* [the visitor's] *knowledge, warning, or the obvious nature of the condition.*' " *Southern Railway Co. v. ADM Milling Co.*, 58 N.C. App. 667, 673, 294 S.E.2d 750, 755 (quoting William L. Prosser, *Handbook of the Law of Torts* § 61, at 394-95 (4th ed. 1971)), *disc. review denied*, 307 N.C. 270, 299 S.E.2d 215 (1982).

In this case, the instruction requested by Plaintiff, who was a lawful visitor on Defendant's property, reflects a correct statement of the relevant law and is supported by the evidence. The trial court was thus required to give the instruction, at least in substance.[1] *Calhoun v. State Highway and Public Works Comm'n*, 208 N.C. 424, 426, 181 S.E. 271, 272 (1935). The instruction provided in this case is inadequate because it fails to advise the jury that the landowner's duty of reasonable care may include a duty to warn of foreseeable dangers. This constitutes error and requires a new trial.

We have reviewed Defendant's cross-assignments of error and reject them as a basis for affirming a judgment for Defendant.

New trial.

Judge WALKER concurs.

_____

1. *See* N.C.P.I., Civ. 805.55.

Judge EDMUNDS dissented prior to 31 December 2000.

EDMUNDS, Judge, dissenting.

As the majority notes, a trial court must provide the substance of a requested instruction where that instruction is a correct statement of the relevant law and is supported by evidence. The instruction given here properly advised the jury that defendant owed plaintiff a duty of reasonable care. *See Nelson v. Freeland*, 349 N.C. 615, 507 S.E.2d 882 (1998). The majority holds that the court also should have instructed that defendant had a duty to warn plaintiff of "any hidden or concealed dangerous condition about which the owner knows or, in the exercise of ordinary care, should have known." However, this Court held that "a landowner need not warn of any 'apparent hazards or circumstances of which the [plaintiff] has equal or superior knowledge.'" *Viczay v. Thoms*, 140 N.C. App. 737, 739, 538 S.E.2d 629, 631 (2000) (alteration in original) (quoting *Jenkins v. Lake Montonia Club, Inc.*, 125 N.C. App. 102, 105, 479 S.E.2d 259, 262 (1997)) *aff'd per curiam*, 353 N.C. 445, 545 S.E.2d 210 (2001). The evidence in the case at bar is uncontested that the condition that led to plaintiff's fall was not concealed or hidden, that plaintiff had full knowledge rain was falling, that defendant had put out at least one warning sign, that plaintiff heeded the warning sign by wiping her feet several times, and that defendant took steps to remove moisture from the floor where plaintiff fell. *See Stafford v. Food World*, 31 N.C. App. 213, 228 S.E.2d 756 (1976); *Gaskill v. A. and P. Tea Co.*, 6 N.C. App. 690, 161 S.E.2d 95 (1969). "Even if the floor was wet due to the rain that evening, this condition would have been an obvious danger of which plaintiff should have been aware since she knew it was raining outside and it was likely that people would track water in on their shoes." *Byrd v. Arrowood*, 118 N.C. App. 418, 421, 455 S.E.2d 672, 674 (1995). The instruction given by the trial court was proper and adequate. Accordingly, I respectfully dissent.