### IN THE MATTER OF THE WILL OF ELLA McDONALD.

(Filed 26 February, 1941.)

**1. Wills § 8—Party signing instrument in afternoon prior to signing of instrument by purported testatrix the following night is not subscribing witness.**

Where a witness signs his name to an instrument during the afternoon, and the purported testatrix signs the instrument the following night, but not in the presence of the witness, the signing of the instrument by the parties cannot be construed as one and the same transaction, and the witness is not a subscribing witness within the requirements of C. S., 4131, and, upon proof that the instrument was properly subscribed by only one witness, a peremptory instruction in favor of caveators is without error.

**2. Appeal and Error § 49b—**

A case must be decided in accordance with settled rules of law notwithstanding that the decision works an apparent hardship in the particular case.

APPEAL by propounders from *Harris, J.,* at the September Term, 1940, of CHOWAN.

*John W. Graham and Herbert R. Leary for propounders, appellants.*
*J. N. Pruden and W. D. Pruden for caveators, appellees.*

SCHENCK, J. This is an issue of *devisavit vel non.*

A paper writing purporting to be the last will and testament of Ella McDonald, deceased, was admitted to probate in common form in the office of the clerk of the Superior Court of Chowan County, and a caveat thereto was subsequently filed by W. M. Walters, on behalf of himself and other heirs at law of the decedent, wherein it is alleged that said paper writing is not the will of Ella McDonald "for the reason that the same is not in the handwriting of the said Ella McDonald; nor was it

In re Will of McDonald.

signed by her nor by any person in her presence and by her direction; nor was it signed nor any signature acknowledged by her in the presence of two witnesses; nor was it subscribed by two witnesses in her presence or at her request." The paper writing purports to devise and bequeath to her cousin Sophronia Backus all of the real and personal property of the testatrix, and to appoint Mrs. E. D. Herritage executrix thereof. It was propounded by Mrs. E. D. Herritage and Sophronia Backus.

There is no evidence nor contention that the paper writing was in the handwriting of the decedent. It was admitted to probate upon the oath and examination of Janie McClenney, Rosa L. Bright and S. N. Griffith, who purported to be subscribing witnesses thereto.

As to the witnessing by Janie McClenney the evidence is plenary that she saw the decedent sign the paper writing and that the decedent requested her to sign it as a witness and that she did so sign it in the presence of the decedent. No contention is made as to the validity of her witnessing.

As to the witnessing by the witness Rosa L. Bright the evidence is to the effect that she signed the paper writing at a different time and place from the decedent, and that she did not see the decedent sign and the decedent did not see her sign. There is no contention that she was a valid witness to the paper writing.

The sole question presented on the record is whether the signing of the paper writing by S. N. Griffith constituted him a valid witness thereto. The evidence tends to show that Griffith is the minister of the colored Episcopal Church of Edenton and that the propounder, Mrs. E. D. Herritage, is a member of his church, that he signed the paper writing as a witness, at the request of the decedent Ella McDonald in her presence, but that he did not see the decedent sign it and she had not signed it when he signed it, and that he never saw her sign it and that he did not know the decedent's handwriting; that she subsequently acknowledged her signature to him after Janie McClenney signed as a witness; that he signed the instrument in the afternoon and that the decedent and Janie McClenney signed it the following night, that the decedent stated to him that night after she had signed it that she wanted him and Janie McClenney to sign as witnesses to her will.

C. S., 4131, provides that no will (other than a holograph one) shall be good and sufficient in law unless signed by the testator "and *subscribed* in his presence by two witnesses at least."

Although the general rule is that the testator must have signed the instrument propounded as a will before the witness signed it to constitute a subscription or attestation, in some jurisdictions there is a recognized exception that when the witness and the testator signed at practically the *same time* and place so as to be a part of one and the same trans-

action, even though in such transaction the witness actually signed first, the instrument is held to be properly witnessed and to constitute a valid will. 68 C. J., p. 659, Wills, Par. 293, and 28 R. C. L., p. 128, Wills, Par. 83—and our Court seems to have reluctantly recognized this exception in *Cutler v. Cutler,* 130 N. C., 1, 40 S. E., 689, wherein it is written: "It seems singular that the witnesses should have signed before the testator, as there was nothing at that time for them to attest. It was certainly awkward and illogical for them to do so, and can only be sustained by its being all a part of one and the same transaction. This exception of the caveator is not sustained . . ." Although subsequently *Hoke, J.,* in *In re Will of Pope,* 139 N. C., 484, 52 S. E., 235, wrote: "In construing the statute as to written wills, with witnesses, it is accepted law that the witness must *subscribe* his name to the paper writing *animo testandi,* in the presence of the testator, and *after* the testator has himself signed the same."

However, even if the exception be recognized, the evidence in the case at bar fails to bring it within the exception. Viewing the evidence in the light most favorable to the propounders it shows that the witness Griffith signed the instrument as a witness in the afternoon and that the testatrix signed it the following night but not in the presence of the witness, although she did subsequently acknowledge to witness that she had signed it. The signing by the purported witness Griffith and the signing by the purported testatrix was done on separate occasions, one in the afternoon and one the following night, and cannot be construed as one and the same transaction.

While this may appear to be one of the "hard cases (which) are the quicksands of the law," "the argument of hardship has been said to be always a dangerous one to listen to. It is apt to introduce bad law; and has occasionally led to the erroneous interpretation of statutes. Courts ought not to be influenced or governed by any motions of hardships. They must look at hardships in the face rather than break down the rules of law." Enlich on the Interpretation of Statutes, p. 349, Par. 263. We cannot allow the apparent hardship to change the relative rights of the parties under the law as it is written, and are therefore constrained to hold that there was no error in the instruction of the Superior Court to the effect that if the jury found the facts to be as shown by all the evidence they should answer the issue of *devisavit vel non* in favor of the caveators.

On the record we find

No error.